PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name WEISNER William
    (Last)    (First)    (Initial)

Prisoner Number V-62355

Institutional Address Salinas Valley State Prison
P.O. Box 1050, Soledad, CA 93960-1050, D-3 116

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

William Weisner
(Enter the full name of plaintiff in this action.)

vs.

M.S. Evans / Warden
Atty Gen. Jerry Brown
(Enter the full name of respondent(s) or jailor in this action)

Case No. CV 07 5509 SI
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

E-filing (PR)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or
3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4  you are imprisoned or by whom you were convicted and sentenced. These are not proper
5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief
7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8  custody you are now and the Attorney General of the state in which the judgment you seek to attack
9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1. What sentence are you challenging in this petition? P.C. 211, PC. 245(a)(1) 215(a)

12     (a)   Name and location of court that imposed sentence (for example; Alameda
13            County Superior Court, Oakland):

14    Alameda County           1225 Fallon, Oakland, CA 94612
15    Court                                    Location

16     (b)   Case number, if known __487163__
17     (c)   Date and terms of sentence __November ?, 2004__
18     (d)   Are you now in custody serving this term? (Custody means being in jail, on
19            parole or probation, etc.)       Yes ✓    No ____
20         Where?
21         Name of Institution: __Salinas Valley State Prison__
22         Address: __P.O. Box 1050, Soledad, Ca. 93960-1050__

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for
24 more than one crime, list each crime separately using Penal Code numbers if known. If you are
25 challenging more than one sentence, you should file a different petition for each sentence.)
26 __No__
27 _____
28 _____

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:    Yes ✓    No ____

    Preliminary Hearing:    Yes ✓    No ____

    Motion to Suppress:    Yes ✓    No ____

4. How did you plead?

    Guilty ____    Not Guilty ____    Nolo Contendere ✓

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury ____    Judge alone ____    Judge alone on a transcript ____

6. Did you testify at your trial?    Yes ____    No ✓

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment    Yes ✓    No ____

    (b)    Preliminary hearing    Yes ✓    No ____

    (c)    Time of plea    Yes ✓    No ____

    (d)    Trial    Yes ✓    No ____

    (e)    Sentencing    Yes ✓    No ____

    (f)    Appeal    Yes ____    No ✓

    (g)    Other post-conviction proceeding    Yes ____    No ✓

8. Did you appeal your conviction?    Yes ✓    No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal    Yes ✓    No ____

        Year: 2006    Result: Denied

        Supreme Court of California    Yes ✓    No ____

        Year: 2006    Result: Denied

        Any other court    Yes ____    No ____

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1         petition?         Yes ✓   No ___

2   (c)  Was there an opinion?       Yes ✓   No ___

3   (d)  Did you seek permission to file a late appeal under Rule 31(a)?

4         Yes ___   No ✓

5   If you did, give the name of the court and the result:

6         None

7

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?   Yes ___   No ✓

10   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)  If you sought relief in any proceeding other than an appeal, answer the following

17         questions for each proceeding. Attach extra paper if you need more space.

18     I.  Name of Court: _____None_____

19       Type of Proceeding: _____

20       Grounds raised (Be brief but specific):

21         a. _____

22         b. _____

23         c. _____

24         d. _____

25       Result: _____ Date of Result: _____

26     II.  Name of Court: _____

27       Type of Proceeding: _____

28       Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS     - 4 -

      a. None

      b. _____

      c. _____

      d. _____

Result: _____ Date of Result: _____

III. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

      a. None

      b. _____

      c. _____

      d. _____

Result: _____ Date of Result: _____

IV. Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

      a. None

      b. _____

      c. _____

      d. _____

Result: _____ Date of Result: _____

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

      Yes \_\_\_\_   No ✓

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS      - 5 -

1 | need more space. Answer the same questions for each claim.
2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: _Listed in Exhibit A._

Supporting Facts: _____

Claim Two: _____

Supporting Facts: _____

Claim Three: _____

Supporting Facts: _____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

PET. FOR WRIT OF HAB. CORPUS    - 6 -

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: __7__ pages.

## JURISDICTION: (Check only One)

- ☐ Municipal Court
- ☒ Superior Court
- ☒ Appellate Court
- ☒ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Surpeme Court
- ☐ Grand Jury





A

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

Petitioner Claims that his constitutional right to due process was violated, because his guilty plea was not knowing, voluntary, or intelligently made. (Violation of U.S.C.A 5TH & 14TH Amend and Cal. Const. Art I §15)

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On November 30TH 2004, petitioner plead guilty to 2nd degree robbery and was sentenced to 20 years in the State Prison. Petitioner has a history of mental illness which goes back some 20 years. Because of this history, there was concern of wether he was in fact competent to stand trial. As a result, the court ordered a competency hearing several months prior to his entering a plea, in which a jury found him competent to stand trial. However, in the months between the competency hearing and the time of his actual plea, he was ultimately re-hospitalized and sent to Santa Clara Valley Mental Health Center for further treatment of his mental illness due to a breakdown in his mental state.
(*See attached page for ground 1 continued)

b. Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

A person may not be tried or adjudged to punishment while that person is mentally incompetent (P.C. 1367(a)) (Pate v. Robinson 383 U.S. 375, 86 S.ct. 836, (1975)) and he may not waive his right to counsel or plead guilty unless

(See Ground 1 Attached page for cont.

Ground 1

Supporting Facts Cont.
---

Petitioner claims that at the time of his plea that he was no longer competent to stand trial and/or plead guilty. Furthermore Petitioner claims that he was unable to consult with his lawyer with the reasonable degree of rational understanding that is required. Based on these facts, the Petitioner is challenging the legality of his conviction, and request that he be placed in the same legal position that he was prior to his plea.

Ground 1 Supporting Cases Cont.
---

he does so competently and intelligently. See (Johnson v. Zerbst 304 U.S. 458, 82 L.Ed 1461, 58 S.Ct 1014 (1938))(Brady v. U.S. 397 U.S. 742, 90 S.Ct. 1463, L.Ed 2d 747(1970)) A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive his right to counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary see(Goodinez v. Moran (1993) 509. U.S. 389, 125 L.ed 2d 321, 113 S.Ct 2680) Based on the particular facts and circumstances surrounding his case it is understandable that the Court relying on the fact that the Petitioner several months earlier was found competent would be able to satisfy itself that any waivers or plea were made knowing, voluntary, and intelligently. However, based on the fact that new developements in the petitioners mental health status which caused him to be re-hospitalized between the time of the competency hearing and the time that he actually entered his guilty plea were not brought to the attention of the court it can not be said that such waivers and plea are un-tainted and free of any constitutional violation.

7. Ground 2 or Ground 2 (if applicable):

Petitioner claims that he was denied his Constitutional right to the effective assistance of Counsel, by Counsel failure to investigate and make use of available information that was necessary to protect his rights. (Violation U.S.C.A. 6TH Cal Const I §1

a. Supporting facts:

As preveously stated in Ground 1 of this petition, Several months prior to entering a guilty plea there were Concerns about petitioners Competence to stand trial. A hearing was held in which the petitioner was ultimately found Competent. However, between the time of that finding and the time of the guilty plea, Counsel was informed and made aware of the fact that the petitioner was re-hospitalized because his mental state had once again de-stabalized. Counsel chose to dis-reguard this information and made no attempt to investigate or have the petitioner psychologically re-evaluated to insure that his Constitutional rights were protected. Instead, Counsel allowed the petitioner to enter into a plea agreement without the benifit of all of the necessary information required to be able to make informed decisions on how best to protect the petitioners rights. The decision to allow the petitioner to enter into a plea agreement cannot be said to be a tactical one, because Counsel failed to inform herself

(* Facts Continue see attached page 2 *)

b. Supporting cases, rules, or other authority:

The U.S. Supreme Court has observed that "if the right to Counsel guaranteed by the constitution is to Serve it's purpose defendants can not be left to the mercies of incompetent Counsel." See (McMann v. Richardson 397 U.S. 759, 90 S.Ct. 1441 (Tollet v. Henderson, 411 U.S. 267, 93 S.Ct. 1608)

(* Supporting cases cont. *)

(Ground 2 Continue page)

) Supporting Facts Cont.

of all of the necessary information that would make a
tactical decision possable. The petitioner was prejudiced by Counsel
failure to protect his Constitutional rights.

) Supporting Cases Cont.

See (Johnson V. Zerbst 304 U.S. 458, 82 L.ed 1461, 58 S.Ct. 1014 (1938))
The benchmark for judging any claim of ineffectivness must be
whether counsels conduct undermined the proper functioning of the
adversarial process. In the case of (Strickland v. Washington (1924) 466 U.S. 668
104 S.Ct. 2052, 80 L.ed 2d 674) The U.S. Supreme Court held that, a
claim that Counsels assistance was so defective as to require reversal
of a conviction has two components. First, the defendant must show
that Counsels performance was so deficient that counsel was not
functioning as the "Counsel" that is guaranteed to the defendant
by the Sixth Amendment. Second, the defendant must show that the
deficient performance prejudiced the defence. See (Strickland v. Washington
supra, at 104 S.Ct. 2064) When applying the facts and circumstances of this
case to the "Strickland Test", there can be no doubt that Counsels
failure to conduct further investigation into the petitioners mental
health status after he was re-hospitalized for a breakdown in
his mental state, can be considered anything less than deficient
performance. Counsel had a duty to be a Conscienteous advocate,
and that duty included to fully inform herself of all of the necessary
information that would make important decisions reguarding the petition
defense, and protection of his Constitutional rights possable. See (In re
Saunders 88 Cal. Rptr. 633, 2 Cal 3d 1033 (1970))

7. Ground _ or Ground ___ (if applicable):

Petitioner further claims a violation of his 6th Amendment Constitutional right, by counsels failure to request a pre-plea incompetency hearing or alternatively at least inform the court of the change in his mental health status.

a. Supporting facts:

In an issue that is closely related to the one that is raised in Ground 2 of this petition, the petitioner claims that not only did counsel fail to investigate or make use of the fact that there was a change in his mental health status and that he had been re-hospitalized after his initial incompetency hearing but prior to the entry of his guilty plea, but that counsel also failed to request a pre-plea incompetency hearing to insure that the petitioners rights were protected and that he was competent enough to enter into a plea agreement. Petitioner claims that alternatively counsel should have at least informed the court of this information so that the court could have decided wether or not to order a pre-plea incompetency hearing "Sua Sponte".

b. Supporting cases, rules, or other authority:

In light of the circumstances surrounding this case and the fact that the petitioner has a long history of mental illness, Counsels failure to take either one of these steps to insure that his rights were protected falls well below the prevailing professional norm. See (Strickland v. Washington (1984) 466 U.S. 668

(* Supporting Cases Cont.
* see attached Page Ground 3 *)

(Ground 3 Continue page)

b) Supporting cases Cont.

104 S.Ct. 2052, 80 L.ed 2d 674) When evidence such as this exist counsel may not waive or discard this issue. See (Pate v Robinson 383 U.S. 375, 86 S.Ct 836 (1975)) and (People v. Hale (1988) 44 3d 531) While it is true that once an incompetency hearing has been held and the defendant has been found competent to stand trial, the trial court is obliged to initiate a second hearing only when it is presented with a substantial change of circumstances or with new evidence casting a serious doubt on the finding that the defendant was competent. Petitioners counsel failed to inform the court of the information that would make such an inquiry possab[le] Petitioner was prejudiced by counsels in-action.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA    Dept. No. 9

Date: January 20, 2006      Hon. LARRY J. GOODMAN, Judge      Fil R. Cruz, Deputy Clerk.
                                                              Not Reported, Reporter

| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | No Appearance |
|---|---|---|
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | No Appearance |
| WILLIAM WEISNER | | |
| Defendant | Probation Officer appearing | No. Appearance |

Nature of Proceedings: **ORDER OF THE COURT**
**REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

**Case No. 145856B**
**PFN:  ARP718**
**CEN: 3251132**

Petition for writ of habeas corpus is denied. Petition fails to state a prima facie case for relief. Petitioner presents only unsubstantiated claims in support of his Petition.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

William Weisner
Salinas Valley State Prison
Facility D-3-213
P.O. Box 1050
Soledad, CA 93960-1050
CDC or ID Number V-623555

Dated: January 24, 2006

By: _____
    Fil R. Cruz, Deputy Clerk

Writ - Weisner, William, Jan 20, 2006

Exhibit B

1-page



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

MAR 3 0 2006

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

| | |
|---|---|
| In re WILLIAM WEISNER, on Habeas Corpus. | A113339 <br><br> (Alameda County Super. Ct. 145856B) |

BY THE COURT:*

The petition for a writ of habeas corpus is denied.

Dated: _____          McGUINESS, P.J.

---

* McGuiness, P.J., Pollak, J. and Siggins, J.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_Listed in Exhibit A_

Do you have an attorney for this petition?    Yes ____   No ✓

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on _October 21, 2007_    _[signature]_
      Date                                              Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS         - 7 -