UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WEISNER, | No. C 07-5509 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| M S. EVANS, warden, | |
| Respondent. | |

## INTRODUCTION

William Weisner, an inmate at Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Weisner's petition discloses that he was convicted on a guilty plea in Alameda County Superior Court of robbery, assault with a deadly weapon, and carjacking. He was sentenced in November 2004 to 20 years in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He also apparently field unsuccessful petitions for writ of habeas corpus in state court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims. First, Weisner claims that his right to due process was violated because his guilty plea was not knowing or voluntary due to his mental illness. Second, he claims that counsel provided ineffective assistance by failing to investigate and make use of available information about Weisner's mental illness before allowing him to enter his guilty plea. Third, Weisner claims that counsel provided ineffective assistance by failing to request a pre-plea competency hearing or at least inform the court of the change in Weisner's mental health. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1.     The petition states cognizable claims for habeas relief and warrants a response.

2.     The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.     Respondent must file and serve upon petitioner, on or before **May 23, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

1  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the
2  answer a copy of all portions of the court proceedings that have been previously transcribed and
3  that are relevant to a determination of the issues presented by the petition.

4      4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
5  with the court and serving it on respondent on or before **July 3, 2008**.

6      5.    Petitioner has not paid the filing fee or applied to proceed <u>in forma pauperis</u>.
7  He recently wrote a letter to the court inquiring whether he could resubmit his petition with a
8  filing fee.  He does not need to resubmit his petition, but he must pay the $5.00 filing fee or
9  file a completed <u>in forma pauperis</u> application.  If the fee or application is not submitted by
10 **April 30, 2008**, this action will be dismissed.

11     6.    Petitioner is responsible for prosecuting this case.  He must keep the court
12 informed of any change of address and must comply with the court's orders in a timely
13 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
14 pursuant to Federal Rule of Civil Procedure 41(b).  Petitioner must write the name and case
15 number for this case on the first page of every document he files.

16     IT IS SO ORDERED.

17 DATED: March 10, 2008

                                                   SUSAN ILLSTON
18                                                United States District Judge