EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MICHELE J. SWANSON, State Bar No. 191193
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5703
  Fax:  (415) 703-1234
  Email:  Michele.Swanson@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **WILLIAM WEISNER,**<br><br>                        Petitioner,<br><br>v.<br><br>**M.S. EVANS, Warden,**<br><br>                        Respondent. | C 07-5509 SI (pr)<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

      Respondent hereby moves to dismiss the petition for writ of habeas corpus as untimely under 28 U.S.C. § 2244(d).

      A motion to dismiss in lieu of an answer on the merits is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint).

      We have not noticed a hearing date because petitioner is an incarcerated state prisoner

who is representing himself in this case.

## STATEMENT OF THE CASE

On November 30, 2004, petitioner pleaded no contest to robbery, carjacking, and aggravated assault. Petition at 2-3; Petitioner's Exh. A at 1. That same day, the trial court sentenced petitioner to 20 years in state prison. Petition at 2; Petitioner's Exh. A at 1.

Although petitioner indicates that he appealed his conviction to the California Court of Appeal and Supreme Court, *see* Petition at 3, a search of the California Appellate Courts Case Information website reveals that he filed only habeas petitions in those courts.

On January 20, 2006, petitioner filed a habeas petition in the Alameda County Superior Court. Exh. 1. The petition was denied that same day. Petitioner's Exh. A at 7.

On March 27, 2006, petitioner filed a habeas petition in the California Court of Appeal. Exh. 2. The petition was denied on March 30, 2006. *Id.*; Petitioner's Exh. B.

On May 12, 2006, petitioner filed a habeas petition in the California Supreme Court. Exh. 3. The petition was denied on December 13, 2006, with citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). *Id.*

On October 30, 2007, petitioner filed a federal habeas corpus petition. On March 11, 2008, the Court ordered respondent to show cause why the petition should not be granted.

## ARGUMENT

### THE PETITION SHOULD BE DISMISSED AS UNTIMELY

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), state prisoners have only one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The date on which the one-year period begins to run is the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

      The relevant subdivision for calculating the one-year statute of limitations in this case is § 2244(d)(1)(A). We therefore look to the date on which petitioner's state judgment became final to calculate the beginning date of the statute of limitations. Because petitioner did not pursue direct review of his judgment, his judgment became final upon "the expiration of the time for seeking such review," which was 60 days after the imposition of sentence. Cal. Rules of Court, rule 8.308(a). Petitioner was sentenced on November 30, 2004. Accordingly, his judgment became final 60 days later, on January 31, 2005. Thus, absent any tolling, petitioner had until January 31, 2006, to file a timely habeas corpus petition in federal court. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

      AEDPA allows for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This includes "'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular postconviction application.'" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999)). In other words, assuming the petitions are all timely filed, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.*, footnotes omitted; *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

      Here, petitioner is entitled to tolling for the time his state superior court, court of appeal, and supreme court petitions were pending, as well as the periods between the petitions. Thus, he is entitled to continuous tolling, from January 20, 2006 to December 13, 2006, for a total of 327 days, extending the AEDPA filing deadline to December 24, 2006.

      Petitioner did not file the instant petition until October 30, 2007, ten months after the

1  AEDPA statute of limitations had already expired.  Accordingly, the petition should be dismissed
2  with prejudice as untimely.

Motion to Dismiss Pet. for Writ of Hab. Corpus as Untimely                                    *Weisner v. Evans, Warden*
                                                                                               C 07-5509 SI (pr)

## CONCLUSION

Accordingly, respondent respectfully requests that the petition be dismissed with prejudice.

Dated: May 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
Attorneys for Respondent

40235004.wpd
SF2008400893

# **DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   **Weisner v. Evans, Warden**

No.:   **C 07-5509 SI (pr)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>May 19, 2008</u>, I served the attached

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

William Weisner
V-62355
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 19, 2008, at San Francisco, California.

|  M. Argarin  |  /s/ M. Argarin  |
|:---:|:---:|
| Declarant | Signature |

40255259.wpd