# EXHIBIT 1

MC-275

Name **William Weisner**

Address **Salinas Valley State Prison**
**Facility D-3-213**
**P.O Box 1050**
**Soledad, CA 93960-1050**

CDC or ID Number **V-62355**

ENDORSED
FILED
ALAMEDA COUNTY
JAN 20 2006
By Cynthia Brown-Dominick

**Superior Court of Alameda**
**State of California**
(Court)

| **William Weisner** | PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|
| Petitioner | |
| vs. | No. **145856-B** |
| **M.S. Evans / Warden** | (To be supplied by the Clerk of the Court) |
| Respondent | |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

| Form Approved by the Judicial Council of California MC-275 [Rev. January 1, 1999] | PETITION FOR WRIT OF HABEAS CORPUS | WEST GROUP Official Publisher | Penal Code, § 1473 et seq.; Cal. Rules of Court, rules 56.5, 201(h) |

This petition concerns:

☒ A conviction ☐ Parole

☐ A sentence ☐ Credits

☐ Jail or prison conditions ☐ Prison discipline

☐ Other (specify): _____

1. Your name: William Weisner
2. Where are you incarcerated? Salinas Valley State Prison - Soledad, CA. 9396
3. Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      2nd degree robbery

   b. Penal or other code sections: P.C. 211, P.C. 245(a)(1), 215(A)
   c. Name and location of sentencing or committing court: Superior Court of California, Alameda County, 1225 Fallon, Oakland, CA. 94612
   d. Case number: 487163  145658B
   e. Date convicted or committed: November 2004
   f. Date sentenced: November 2004
   g. Length of sentence: 20 years, State Prison
   h. When do you expect to be released? 11/2020
   i. Were you represented by counsel in the trial court? ☒ Yes ☐ No. If yes, state the attorney's name and address:

      Kara PortPow, 1401 Lakeside Dr. Suite 400 Oakland, CA. 94612

4. What was the LAST plea you entered? (check one)

   ☐ Not guilty ☒ Guilty ☐ Nolo Contendere ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

---

MC-275 [Rev. January 1, 1999]   PETITION FOR WRIT OF HABEAS CORPUS   WEST GROUP Official Publisher   Page two of six

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

Petitioner claims that his constitutional right to due process was violated, because his guilty plea was not knowing, voluntary, or intelligently made. (Violation of U.S.C.A 5TH & 14TH Amend and Cal. Const. Art I §15)

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On November 30th 2004, petitioner plead guilty to 2nd degree robbery and was sentenced to 20 years in the State Prison. Petitioner has a history of mental illness which goes back some 20 years. Because of this history, there was concern of wether he was in fact competent to stand trial. As a result, the court ordered a competency hearing several months prior to his entering a plea, in which a jury found him competent to stand trial. However, in the months between the competency hearing and the time of his actual plea, he was ultimately re-hospitalized and sent to Santa Clara Valley Mental Health Center for further treatment of his mental illness due to a breakdown in his mental state.
(*See attached page for ground 1 Continues*)

b. Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

A person may not be tried or adjudged to punishment while that person is mentally incompetent (P.C. 1367(a)) (Pate v. Robinson 383 U.S. 375, 86 S.ct. 836, (1975)) and he may not waive his right to counsel or plead guilty unless

(See Ground 1 Attached)

1) **Supporting Facts Cont.**

Petitioner claims that at the time of his plea that he was no longer competent to stand trial and/or plead guilty. Furthermore Petitioner claims that he was unable to consult with his lawyer with the reasonable degree of rational understanding that is required. Based on these facts, the Petitioner is challenging the legality of his conviction, and request that he be placed in the same legal position that he was prior to his plea.

b) **Ground 1 Supporting Cases Cont.**

he does so competently and intelligently. See (Johnson v. Zerbst 304 U.S. 458, 82 L.Ed 1461, 58 S.Ct 1014 (1938))(Brady v. U.S. 397 U.S. 742, 90 S.Ct. 1463, L.Ed 2d 747 (1970)) A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive his right to counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. See (Goodinez v. Moran (1993) 509 U.S. 389, 125 L.ed 2d 321, 113 S.Ct 2680) Based on the particular facts and circumstances surrounding this case it is understandable that the court relying on the fact that the Petitioner several months earlier was found competent would be able to satisfy itself that any waivers or plea were made knowing, voluntary, and intelligently. However, based on the fact that new developements in the petitioners mental health status which caused him to be re-hospitalized between the time of the competency hearing and the time that he actually entered his guilty plea were not brought to the attention of the court it can not be said that such waivers and plea are un-tainted and free of any constitutional violation.

7. Ground 2 or Ground **2** (if applicable):

Petitioner Claims that he was denied his Constitutional right to the effective assistance of Counsel, by Counsel failure to investigate and make use of available information that was necessary to protect his rights. (violation U.S.C.A. 6TH Cal Const I §

a. Supporting facts:

As preveously stated in Ground 1 of this petition, Several months prior to entering a guilty plea there were Concerns about petitioners competence to stand trial. A hearing was held in which the petitioner was ultimatel found Competent. However, between the time of that finding and the time of the guilty plea, Counsel was informed and made aware of the fact that the petitioner was re-hospitalized because his mental state had once again de-stabalized. Counsel chose to dis-reguard this infor mation and made no attempt to investigate or have the petitioner psychologically re-evaluated to insure that his Constitutional rights were protected. Instead, Counsel allowed the petitioner to enter into a plea agreement without the benifit of all of the necessary information required to be able to make informed decisions on how best to protect the petitioners rights. The decision to allow the petitioner to enter into a plea agreement Cannot be said to be a tactical one, because Counsel failed to inform herself

(*Facts Continue see attached Page 2 *)

b. Supporting cases, rules, or other authority:

The U.S. Supreme Court has observed that "if the right to Counsel guaranteed by the constitution is to Serve it's purpose, defendants can not be left to the mercies of incompetent Counsel." See (McMann v. Richardson 397 U.S. 759, 90 S.Ct. 1441 (Tollet v. Henderson, 411 U.S. 267, 93 S.Ct. 1608)

MC-275 [Rev. January 1, 1999]     PETITION FOR WRIT OF HABEAS CORPUS     WEST GROUP Official Publisher     Page four of six

(* Supporting cases cont. * See attached Page 2 *)

a) Supporting Facts Cont.

of all of the necessary information that would make a tactical decision possable. The petitioner was prejudiced by Counsel failure to protect his Constitutional rights.

b) Supporting Cases Cont.

See (Johnson v. Zerbst 304 U.S. 458, 82 L. ed 1461, 58 S.Ct. 1014 (1938)) The benchmark for judging any claim of ineffectivness must be wether counsels conduct undermined the proper functioning of the adversarial process. In the case of (Strickland v. Washington (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L. ed 2d 674) The U.S. Supreme Court held that, a claim that Counsels assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that Counsels performance was so deficient that Counsel was not functioning as the "Counsel" that is guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defence. See (Strickland v. Washingt Supra, at 104 S.Ct. 2064) When applying the facts and circumstances of this case to the "Strickland Test", there can be no doubt that Counsels failure to conduct further investigation into the petitioners mental health status after he was re-hospitalized for a breakdown in his mental state, can be considered anything less than deficient Performance. Counsel had a duty to be a Conscienteous advocate, and that duty included to fully inform herself of all of the necessar information that would make important decisions reguarding the petition defense, and protection of his Constitutional rights possable. See (In re Saunders 88 Cal. Rptr. 633, 2 Cal 3d 1033 (1970))

7. Ground _3_ or Ground ___ (if applicable):

Petitioner further claims a violation of his 6th Amendment Constitutional right, by Counsels failure to request a pre-plea incompetency hearing or alternatively at least inform the Court of the change in his mental health Status.

a. Supporting facts:

In an issue that is closely related to the one that is raised in Ground 2 of this petition, the Petitioner claims that not only did counsel fail to investigate or make use of the fact that there was a change in his mental health status and that he had been re-hospitalized after his initial incompetency hearing but prior to the entry of his guilty plea, but that Counsel also failed to request a pre-plea incompetency hearing to insure that the petitioners rights were protected and that he was competent enough to enter into a plea agreement. Petitioner claims that alternatively counsel should have at least informed the court of this information so that the Court could have decided wether or not to order a pre-plea incompetency hearing "Sua Sponte".

b. Supporting cases, rules, or other authority:

In light of the circumstances surrounding this case and the fact that the petitioner has a long history of mental illness, Counsels failure to take either one of these steps to insure that his rights were protected falls well below the prevailing professional norm. See (Strickland v. Washington (1984) 466 U.S. 668

MC-275 [Rev. January 1, 1999]   PETITION FOR WRIT OF HABEAS CORPUS   Page four of six

(*  Supporting Cases Cont. *)
(*  see attached Page Ground 3 *)

(Ground 3 Continue Page)

## b) Supporting cases cont.

104 S.Ct. 2052, 80 L.ed 2d 674) When evidence such as this exist counsel may not waive or discard this issue. See (Pate v Robinson 383 U.S. 375, 86 S.Ct 836 (1975)) and (People v. Hale (1988) 44 C 3d 531) While it is true that once an incompetency hearing has been held and the defendant has been found competent to stand trial, the trial court is obliged to initiate a second hearing only when it is presented with a substantial change of circumstances or with new evidence casting a serious doubt on the finding that the defendant was competent. Petitioners Counsel failed to inform the Court of the information that would make such an inquiry possab[le] Petitioner was prejudiced by counsels in-action.

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b. Result: _____ N A _____  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____
      (2) _____
      (3) _____

   f. Were you represented by counsel on appeal? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:
   _____

9. Did you seek review in the California Supreme Court? ☐ Yes. ☒ No. If yes, give the following information:
   a. Result: _____ N.A _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____
      (2) _____
      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    _____ N.A. _____

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
    _____ N.A _____

    b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
       *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court: __Alameda County Superior Court__

   (2) Nature of proceeding (for example, "habeas corpus petition"): __Habeas Corpus Petition__

   (3) Issues raised: (a) __See Attached Exhibit (A)__

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

    __None__

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel?   ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:
    __Petitioner is developmentally disabled and is being assisted by other inmates, but request that the Court appoint him Counsel__

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes.   ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    __N.A.__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:

▶ *William A. Weisser*
(SIGNATURE OF PETITIONER)
MC-275 [Rev. January 1, 1999]   **PETITION FOR WRIT OF HABEAS CORPUS**   WEST GROUP Official Publisher   Page six of six

# EXHIBIT COVER PAGE

Number of pages to this Exhibit: __2__ pages.

## JURISDICTION: (Check only One)

- ☐ Municipal Court
- ☒ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United States Surpeme Court
- ☐ Grand Jury





## Petitioners initial writ was denied for failing to state a Prima Facie Case

Petitioner claims because of a lack of sufficient knowledge of both the procedureal and legal principals of Habeas Corpus law on both the part of the petitioner himself and the inmate that assisted him on his initial petition, that the Petitioners grounds for relief, the facts, and the arguments were not properly raised. As a result it appeared to the Court that there were in fact no actual grounds for relief, and the initial Petition was denied for failing to state a "Prima Facie Case". It is the Petitioners request that the Court consider this Petition and the facts and arguments stated as the correct version, as it more precisely and correctly states the grounds for relief. The Petitioner request that this Court accept this Petition and not penalize him or bar him under any successive or abusive Petition rule.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA     Dept. No. 9

Date: November 28, 2005     Hon. LARRY J. GOODMAN, Judge     Fil R. Cruz, Deputy Clerk.
Not Reported, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>Plaintiff<br>vs.<br><br>WILLIAM WEISNER<br><br>Defendant | Counsel appearing<br>for Plaintiff<br><br>Counsel appearing<br>for Defendant<br>Probation Officer<br>appearing | No Appearance<br><br><br>No Appearance<br><br><br>No. Appearance |

Nature of Proceedings: **ORDER OF THE COURT**
**REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

Case No. 145856B
CFN: ARP718
CEN: 3251132

Petition for writ of habeas corpus is denied. The Petition fails to state a prima facie case for relief. Petitioner raises various issues but fails to present a basis for any of the claims raised. A claim for ineffective assistance of counsel must be based on the deficient performance of Petitioner's counsel and the resulting prejudice Petitioner suffered as a result of that performance. Here the Petition fails to meet either of these requirements. Petitioner, on September 8, 2004, was found by a jury to be competent to stand trial. The Court in taking the plea, on November 30, 2004, found that the Petitioner understood his rights, made a knowing and intelligent waiver of his rights, that the waiver of rights was voluntary, and that Petitioner understood the nature and consequences of his plea. There appears nothing in the record of the plea that would undermine those findings.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

William Weisner
P.O. Box 1050
Soledad, Ca 93960-1050
D-3 213
CDC or ID Number V-62355

Dated: December 5, 2005

By: _____
Fil R. Cruz, Deputy Clerk

Boilerplate - Writ of Habeas Corpus1

# EXHIBIT 2

# CALIFORNIA APPELLATE COURTS
Case Information

| | | |
|---|---|---|
| Welcome | **1st Appellate District** | Change court |
| Search | Court data last updated: 05/16/2008 04:05 PM | |

Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court

## Docket (Register of Actions)

In re Weisner on Habeas Corpus.
Division 3
Case Number A113339

| Date | Description | Notes |
|---|---|---|
| 03/27/2006 | Petition for a writ of habeas corpus filed. | |
| 03/30/2006 | Order denying petition filed. | (wrm,pol,sig) |
| 03/30/2006 | Case complete. | |
| 01/22/2007 | Shipped to state retention center, box # / list #: | L241 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

**EXHIBIT 3**

# CALIFORNIA APPELLATE COURTS
### Case Information



**Supreme Court**

Change court

Court data last updated: 05/16/2008 04:53 PM

Supreme Court
Welcome
Search
E-mail
Calendar
Help
Opinions

C|C home

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court

## Docket (Register of Actions)

**WEISNER (WILLIAM) ON H.C.**
Case Number S143337

| Date | Description | Notes |
|---|---|---|
| 05/12/2006 | Petition for writ of habeas corpus filed | William Weisner, Petitioner, in pro per. |
| 12/13/2006 | Petition for writ of habeas corpus denied | (See In re Swain (1949) 34 Cal.2d 300, 304; People v. Duvall (1995) 9 Cal.4th 464, 474.) |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California