1  William Weisner
   CDC# V-62355
2  P.O. Box 8101
   San Luis Obispo, CA 93409-8101

3
                                                JUL   7 2008
4  In Pro-Per

5

6

7                                                    FILED

8                IN THE UNITED STATES DISTRICT COURT    JUL  7 2008

9           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  WILLIAM WEISNER,              )  Case No. CV 07-05509 SI(pr)
                                  )  PETITIONER'S OPPOSITION TO RESPONDENT'S
12                 Petitioner,    )  MOTION TO DISMISS PETITION FOR WRIT OF
                                  )  HABEAS CORPUS AS UNTIMELY; WITH SUPPORTING
13            vs.                 )  MEMORANDUM OF POINTS AND AUTHORITIES
                                  )
14  JOHN MARSHALL, Warden.,       )
                                  )
15                 Respondent.    )  Hon. Susan Illston
                                  )  United States District Court Judge
16  _____)

17

18      The respondent's "Motion to dismiss the petition for writ of habeas corpus as

19  untimely" should be denied for the following reasons: (A) Petitioner's mental

20  competency is at issue within the instant petition; (B) The California

21  Department of Corrections and Rehabilitation's Mental Health Team proscribed a

22  cocktail of psychotherapy medication that has affected petitioner's ability to

23  have responded in a timely fashion, and (C) The respondent failed to show how

24  petitioner's 10 month delay prejudiced the states ability to answer the claims

25  in the petition.

26      For the reason stated above, this Honorable Court should deny respondent's

27  "Motion to Dismiss" and order an answer to the petition.

28      This opposition is based upon the attached memorandum of points and

                                        Weisner v. Marshall, Warden
                                        CV 07-5509 SI(pr)

                                   1

1    authorities, and other such matters as are properly submitted to the court.

2

3    Dated: June 24, 2008                              Respectfully submitted,

4

5                                                      William Weisner, Petitioner

6                                                      In Pro–Per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF PETITIONER'S OPPOSITION

A. MENTAL COMPETENCY ISSUE.

In ground one of the instant petition it alleges that, "Petitioner has a history of mental illness which goes back some 20 years. Because of this history, there was concern of whether he was in fact competent to stand trial. As a result, the court ordered a competency hearing several months prior to his entering a plea, in which a jury found him competent to stand trial. However, in the months between the competency hearing and the time of the actual plea, he was ultimately re-hospitalized and sent to Santa Clara Valley Mental Health Center for further treatment of his mental illness due to a breakdown in his mental state." Thus, Petitioner's claim is that at the time of trial proceedings he was in fact not competent to make a plea. This violated his fundamental constitutional right to a fair trial.

In regards to this issue the Ninth Circuit Court of Appeal held in Calderon v. United States Dist. Court, (9th Cir. 1998) 163 F.3d 530, 542, "Beyond the statutory grounds, the Ninth Circuit has allowed equitable tolling when a putative habeas petitioner's mental competency is at issue and the record discloses a genuine basis for concern, it is appropriate for the district court to toll the one year statute of limitations until a reasonable period after the court makes a competency determination."

In order to prevent "federal collateral litigation" that will impose on this Court's already scarce judicial resources, this Court should apply the reasoning in Calderon, supra, to the consideration of this opposition. See Petitioner's mental health records, Exhibit A.

B. CDC Mental Health Assessment.

Since being incarcerated, Petitioner has been a patient in the California

Weisner v. Marshall, Warden
CV 07-5509 SI(pr)

3

Department of Corrections and Rehabilitation's Enhanced Outpatient Program where he continues to receive treatment. However, on or about the time petitioner was supposed to file his claims on habeas, he was suffering from adverse side-affects caused by the cocktail of prescribed psychotherapy medications taken daily. The reactions varied from extreme depression, constant drowsiness, irritability, stomach pains and blurry vision. Over the course of several months the treatment team-consisting of a psychiatrist, psychologist, social worker and a registered nurse, prescribed another cocktail of psychotherapy medications to determine what might work at managing and treating his psychiatric symptoms. See Exhibit A.

Further, Petitioner was informed that these medications take time to give a desired affect. Therefore, it is evident that the time period lasted 10 months before he stabilized mentally. As mentioned before petitioner has a documented 20 year history of mental illness.

C. Respondent failed to show prejudice.

The respondent motioned this Court for a dismissal, however, the respondent failed show how the 10 month delay in filing prejudiced the state's ability to respond to the claims. All the respondent did was quote 28 U.S.C. §2254 (d)(1) and state the AEDPA filing deadline rules then added a few case laws and ended the argument stating "Petitioner did not file the instant petition until October 30, 2007, ten months after the AEDPA statute of limitations had already expired."

This does not show what impeded the states ability to file an answer to the petition. Petitioner is not disputing the fact that he was late in filing, but in fairness the respondent didn't show that their are exceptions to this rule. For instance, a habeas petition may be dismissed if a delay in filing has prejudiced the states ability to respond to the claims presented in the petition, unless the petitioner shows that the delay is based on grounds which

Weisner v. Marshall, Warden
CV 07-5509 SI(pr)

he or she could not have known to be excercise of reasonable diligence before the prejudicial circumstances occurred. Habeas Rule 9(a); See Harris v. Vasquez (9th Cir. 1990) 913 F.2d 606; Harris v. Pulley (9th Cir. 1988) 885 F.2d 1354, 1366.

Rule 9(a) is liberally construed in favor of prisoners. Aiken v. Spalding (9th Cir. 1982) 684 F.2d 632, 633. Thus, the respondent has the burden of showing prejudice. See also Jessup v. U.S. Parole Comm'n (9th Cir. 1989) 889 F.2d 831, 834; Terry v. Enomoto (9th Cir. 1984) 723 F.2d 697, 700. The prejudice must result from an impairment of the state's ability to respond to Petitioner's claims, and not from an impairment of its ability to retry petitioner. Vasquez v. Hillary (1986) 474 U.S. 254, 264, 88 L.Ed.2d 598, 609, 106 S.Ct. 617.

Had the respondent made a prima facie showing of prejudice, then the burden would have shifted to petitioner to show either that the respondent was not prejudiced or that he could not have known of the grounds of the petition by exercise of due diligence before the prejudicial circumstances occurred. See Harris v. Pully (9th Cir. 1988), supra, 885 F.2d 1354, 1366.

CONCLUSION

Petitioner raised the claim that mental incompetency during trial proceeding denied him a fair trial. After a jury found him competent he was re-hospitalized within days of continuing trial. Defense counsel knew about Petitioner's re-hospitalization and did nothing. Secondly, while prison officials were trying to discover a working psychotherapy medication combination, these failed attempts were exacerbated petitioner's incompetence interfered with his ability to rationalize with time factors affecting the petition. Thirdly, respondent's motion to dismiss fails to discuss or show the impediment that prevent an answer being filed as opposed to the dismissal request.

Petitioner has met his burden for tolling the time. If this Court does review Petitioner's claims then a miscarriage of justice will have resulted.

Weisner v. Marshall, Warden<br>CV 07-5509 SI(pr)

1  Therefore, for the above reasons, the respondent's motion to dismiss should be

2  **Denied** and respondent should be ordered to answer the petition.

3

4  Dated: June 24, 2008

5

6                                VERIFICATION

7      I, William Weisner, am the Petitioner in Case Number Weisner v. Marshall,

8  Warden. (Formally M.S. Evans, Warden).

9      Further, I declare under penalty of perjury under the laws of the United

10  States of America the forgoing is true and correct based on my information and

11  belief. Executed June 24, 2008, at San Luis Obispo, California.

12

13

14

15                                      William Weisner

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

THOROLOOGE AT ESTERDISCIPLINARY PROGRESS NOTES   All Staff, Clinicians, Treatment Team

**Clark Adaptive Support Evaluation** > **Phase II Initial** > **Phase IV Follow-up**

Source Utilized: _____ Inmate   _____ File   _____ Medical Record   _____ Parole
  _____ Correctional Officer   _____ Employer   _____ Other

| Results: | X DD0 | NDD | DD1 | D1A | DD2 | DD3 |

Check
one:
- [✓] Regional Center Consumer
- [ ] Eligible for Regional Center referral *(possible developmental disability before age 18)*
- [ ] Not eligible for Regional Center referral *(no developmental disability before age 18)*

Primary Language __ENGLISH__ Ethnicity __BLACK__   Marital Status __SINGLE__
- For DD1, D1A, DD2 and DD3, summary of adaptive support needs:
- For NDD and DD0, justification for exclusion:

UNABLE TO READ AND WRITE MAY NEED
STAFF ASSISTANT TO COMPLETE FORMS
AND ATTEND LEGAL PROCEEDINGS

OVERRIDING MHSD CONCERNS ECP
MAY NEED PROMPTS FOR SELF CARE/HYGIENE
VULNERABILITY CONCERNS

Clinician, Title (print) __PHILLIPS__   Signature __Phillips__   Date __2/23/05__
If Clinician is unlicensed, Licensed Clinician reviewer Signature: _____ Date _____

## A.   VERBAL COMMUNICATION / MEMORY

*Quality and accuracy of narrative speech, e.g., speaks in full sentences, uses details in describing stories, displays sense of humor, appropriate small talk; receptive capacity; attention span; short and long term memory*

1. What is your birth date? 3/20/69
2. Where were you born? OAKLAND, CA
3. Can you recite your home address? HOMELESS
4. What do you plan to do in prison? DON'T KNOW
5. How well do you follow instructions? HARD
6. How easy is it for you to pay attention in a classroom? HARD
7. What did you have for dinner last night? DON'T REMEMBER
8. Who do you live with in the community? HOMELESS
9. When is your release date? 2
10. What will you do when you get released? NO

Summary of Findings (not just verbatim answers)

POOR MEMORY
ADAGUATE
COMMUNICATION
SKILLS

MENTAL HEALTH
INTERDISCIPLINARY PROGRESS
NOTES

CDC Form MH 3 (11/1/01)

File under DATA in
the
MENTAL HEALTH
section of the UNIT
HEALTH RECORD

Last Name: WEISNER
First Name: W
CDC: V67355
DOB: 3/20/69

54

Georgia State ... Department of Corrections — In Patient ... Case Number ... of ...
CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES     All Staff, Clinicians, Treatment Team

## B.    ACADEMIC/WORK

*Degree of success in school/work settings; ability to read/write basic correspondence, such as 602, sick call, letters home*

| | Summary of Findings (not just verbatim answers) |
|---|---|
| 1. How far did you go in school? | 4TH |
| 2. What kind of grades did you get? | CAN'T REMEMBER |
| 3. Were you in Special Education classes? | YES |
| 4. What type of program do you want in prison? | DON'T KNOW |
| 5. What kinds of jobs have you had (including in prison)? | NO |
| 6. What is the longest you worked at one place? | |
| 7. Why did you leave your jobs? | |
| 8. What do you enjoy reading? | CAN'T READ |
| 9. Can you please read this paragraph? (See page 5 for 2nd and 1st grade paragraphs. | NO |
| 10. Please write your name, CDC# and date (use page 5)? | YES |
| 11. Please write the following: *The apple is red. Winter is the coldest time of the year.* | NO |

UNABLE TO READ
AND WRITE MAY
NEED STAFF ASSISTANT
TO ATTEND LEGAL
PROCEEDINGS AND
COMPLETE FORM 2
NO OCCUPATIONAL
EXPERIENCE

## C.    SELF-CARE

*Current presentation, e.g. unkempt, strong body odor; ADLs prompted or self-initiated; current cleanliness of cell; chores prompted or self-initiated, basic awareness of health maintenance*

| | Summary of Findings (not just verbatim answers) |
|---|---|
| 1. Who tells you when to take a shower? | POLICE |
| 2. How often do you brush your teeth? | 1X DAY |
| 3. Do you sometimes need reminders to shower or brush your teeth? | SOMETIMES |
| 4. How do you make sure you have clean sheets and clothes? | POLICE |
| 5. Is your cell clean and organized? How do you share chores with your cellie? | YES, ECF SINGLE CELLED |
| 6. What are some things you can do when another inmate is coughing and sneezing? | MOVE AWAY |
| When outside prison: | |
| 7. What do you do to see a doctor? | SHELTER |
| 8. Who did your laundry? | NOBODY |
| 9. How did you arrange to see a doctor? | DON'T |

MAY
NEED
ASSISTANCE
IN SELF
CARE

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES  CDC Form 6MH 5 (11/7/04)  Confidential Client/Patient Information See W & I Code Section 5328 | File under DATA in the MENTAL HEALTH section of the UNIT HEALTH RECORD | Last Name: | First Name: | MI: |
|---|---|---|---|---|
| | | WEISNER | | |
| | | CDC #: V62355 | DOB: 3/2/69 | |

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES   All Staff, Clinicians, Treatment Team

D.    SELF-DIRECTION

*Level of reliance on others for basic needs*

Summary of Findings (not just verbatim answers)

1. Can you read the time? (Ask to read watch or clock, or use clock on p. 5) N/C
2. Let's say it's 2:45. Someone tells you to come back in 15 minutes. What time do you come back? DON'T KNOW
3. If you use a dollar to buy something that costs $.35, how much change should you get back? DON'T KNOW!
4. How do you make purchases from the canteen? DON'T
5. What kinds of things can you cook for yourself? HAMBURGERS
When outside prison:
6. Who took care of your money? DON'T KNOW
7. Who bought your groceries and cooked for you? SHELTER
8. Do you have a driver's license? NO/NO CAR
9. How do you find out which bus to take? ASK
10. Have you ever received assistance from a Regional Center? YES

MAY NEED ASSISTANCE TO MEET BASIC NEEDS

E.    SELF-ADVOCACY/USE OF INMATE RESOURCES

*Level of naiveté regarding prison culture, routine, available resources; adherence to rules, schedule*

Summary of Findings (not just verbatim answers)

1. What is a 602? Have you filed one? How much does it cost to file? EDUCATED
2. What do you do when you feel sick? TELL POLICE
3. What do you do when you hear an alarm? Why would you do this? GET DOWN - POLICE SAY TO
4. What do the yellow lines mean? DON'T KNOW?
5. If you see an enemy on the yard, what would you do? DON'T KNOW
6. What would you do if the plumbing in your cell or dorm doesn't work? TELL POLICE
7. What happens at classification hearings? EDUCATED
8. What is a Correctional Counselor? ✓
9. What does a Parole Agent do? ✓
10. What are conditions of parole? ✓

EDUCATED IN PRISON POLICIES AND PROCEEDURES

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES CDC Form MH 3 [11/1/01] Confidential Client/Patient Information See W & I Code Section 5328 | Fits under DATA in the MENTAL HEALTH section of the UNIT HEALTH RECORD | Last Name: WEISNER   First Name:   MR: CDC # V63355 |

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES    All Staff, Clinicians, Treatment Plan

## F.    SOCIALIZATION

*Ability to interact socially, e.g. small talk, humor; phone/written contact with friends/family; nature of interactions with peers/staff (e.g. taken advantage of; prompted by other inmates to break rules); ability to cope with stressors of prison; ability to control anger; use of staff to resolve problems (review pattern of 128s and 115s)*

Summary of Findings (not just verbatim answers)

1. Have you ever had a best friend?  NO
2. Is it usually easy or hard for you to make friends?  HARD
3. Are people usually mean to you or nice?  NICE AND MEAN
4. What do you do if someone keeps bugging you?  TELL SOMEONE
5. What is a 115? Have you received any?  EDUCATED
6. Have you been pressured to do things you did not want to do? What did you do?  NO
7. Have you been pressured to give up your property? What did you do?  NO
8. Have you gotten into any verbal or physical fights in prison? If so, what happened?  NO - SOMEBODY HIT ME THAT'S IT I KNOW TOLD LT.

POOR SOCIAL SKILLS
VULNERABILITY CONCERNS

9. Did you need help from others in the community to take care of yourself?  Don't
10. What are/were your responsibilities in your family?  NO FAMILY
11. How do you keep in contact with them?

## G.    LEISURE TIME

*Ability to initiate/participate in recreational activities; use of time on yard and in cellblock*

Summary of Findings (not just verbatim answers)

1. What are your hobbies/interests?  NONE
2. What sports do you play?  NONE
3. How do you pass the time in prison when not working or in school?  JUST LAY THERE GO TO GROUP,
4. What do you do with your time on the yard?  WALK AROUND
5. How do you keep up with the news?  DON'T KNOW  GO TO SEE DR. GESSNER
6. How do you plan to spend your free time outside of prison?  NOTHING

POOR USE OF LEISURE TIME

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | File under DATA in the MENTAL HEALTH section of the UNIT HEALTH RECORD | Last Name: WEISNER | First Name: | MH: |
|---|---|---|---|---|
| CDC Form MH 3 [11/1/01] | | CDC # L 67355 | | 3/2/69 |
| Confidential Client/Patient Information: W & I Code Section 5328 | | | | |

PROOF OF SERVICE BY MAIL BY PRISONER "IN PRO-PER"

I, William Weisner, hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prisoner inmate.

My prison number is: V-62355

My address is: California Men's Colony-East, P.O. Box 8101, San Luis Obispo, California 93409-8101.

On June 27, 2008, I several the indicated document on the respondent in this action at their business address by placing the document in an envelope, which was then sealed and postage fully prepaid thereon, and thereafter I caused the document to be mailed, in accordance with the institutional policy at the California Men's Colony-East facility.

Document served: PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY.

Service was made upon: California Attorney General's Office, 455 Golden gate Avenue, #11000, San Francisco, CA 94102-3664.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed at San Luis Obispo, California.

William Weisner
Petitioner