1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | MICHELE J. SWANSON, State Bar No. 191193
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
7 |   Telephone:  (415) 703-5703
  Fax:  (415) 703-1234
8 |   Email:  Michele.Swanson@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| WILLIAM WEISNER, | C 07-5509 SI (pr) |
|---|---|
| Petitioner, | **REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |
| v. | |
| M.S. EVANS, Warden, | |
| Respondent. | |

On May 19, 2008, respondent filed a motion to dismiss the petition for writ of habeas corpus as untimely. On July 7, 2008, petitioner filed an opposition. The following is our reply.

**ARGUMENT**

**PETITIONER IS NOT ENTITLED TO EQUITABLE TOLLING**

Petitioner contends that he is entitled to equitable tolling for the following reasons: (1) his mental competency is at issue in the instant petition; (2) his medication prevented him from timely filing his petition in this matter; and, (3) respondent has not been prejudiced by the delay in filing the petition. None of these reasons, however, entitle petitioner to equitable tolling in this case.

Assuming that equitable tolling of AEDPA is available, *see Lawrence v. Florida*, 127 S.

Ct. 1079, 1085 (2007), a federal habeas petitioner is entitled to equitable tolling only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Given that "the threshold necessary to trigger equitable tolling is very high," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002), it is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner bears the burden of showing that equitable tolling should apply in his case. *Miranda*, 292 F.3d at 1065. He must establish the following: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

First, petitioner contends that his mental competency is at issue in the instant petition, entitling him to equitable tolling. Opp. at 3. Petitioner cites *Calderon v. District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998) (en banc) in support of his argument. Opp. at 3. In *Kelly*, however, the question was whether the petitioner was entitled to equitable tolling based on his claim that he could not timely file a federal habeas petition because he was mentally incompetent during the AEDPA limitations period. *Kelly*, 163 F.3d at 541-542. In the first argument of his opposition, however, petitioner does not raise this same basis for equitable tolling. Rather, he points only to the claim raised in his petition "that at the time of trial proceedings he was in fact not competent to make a plea." Opp. at 3. *Kelly* does not therefore support the first ground of equitable tolling raised in the opposition.[1/] Further, the merits of the claims raised in the petition are irrelevant to the question of whether extraordinary circumstances justify the late filing of petitioner's federal habeas petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314-1315 (11th Cir. 2001).

Second, petitioner contends that at the time his petition was due in this case, "he was suffering from adverse side-affects caused by the cocktail of prescribed psychotherapy medications taken daily. The reactions varied from extreme depression, constant drowsiness, irritability, stomach pains and blurry vision." Opp. at 4. The Ninth Circuit has held that mental incompetency during the AEDPA limitations period may entitle a petitioner to equitable tolling. *See Kelly*, 163 F.3d at

---

1. *Kelly* is relevant to the second ground of equitable tolling raised in the opposition, which we address in the next paragraph.

541-542; *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003). Petitioner has not made a sufficient showing to justify such tolling in this case. Equitable tolling based on mental incapacity is limited to "exceptional circumstances." *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002); *see also United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."). However, "incompetence is not a per se reason to toll a statute of limitations. Rather the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), citation omitted; *see Stillman v. Lamarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (alleged extraordinary circumstances must have "proximately caused" late filing). Petitioner has attached a single mental health evaluation form to his opposition in support of his claim of mental incompetency. *See* Exh. A to Opp. However, that form is from February 23, 2005, almost two years before the instant petition in this case was due. *See* Mot. to Dismiss at 3 (noting that petitioner had until December 26, 2006 to file the petition in this case). We further note that petitioner had no apparent difficulty filing state habeas petitions after the date of his mental health evaluation, during the period in which he was allegedly suffering from mental incapacity due to his psychotropic medications. *See* Mot. to Dismiss at 2 (noting that petitioner filed state habeas petitions on January 20, 2006, March 27, 2006, and May 12, 2006); *see also Brown v. McKee*, 232 F. Supp. 2d at 768 ("Because petitioner was able to seek post-conviction relief in the state trial and appellate courts while taking these medications, he was not so mentally incompetent as to warrant equitable tolling of the limitations period for bringing this habeas petition."). The mental health evaluation makes no mention of psychotropic medications, and petitioner has failed to submit any documentation showing that he was on psychotropic medications during the AEDPA limitations period, or that they affected him to the extent that he was unable to timely file the instant petition. *See Lawrence v. Florida*, 127 S.Ct. at 1086 (rejecting equitable tolling argument where petitioner failed to substantiate his alleged mental incapacity). Even assuming petitioner was receiving psychotropic medications during this time, such fact "'would actually weigh more in favor of his being able to function than not.'" *Brown v. McKee*, 232 F. Supp. 2d at 768. Indeed, the side effects petitioner complains about—extreme

1  depression, constant drowsiness, irritability, stomach pains, and blurry vision—hardly rendered him
2  mentally incapable of timely filing his federal habeas petition. *Id.* ("[P]etitioner has failed to show
3  that any mental illness or incapacity prevented him from managing his legal affairs and acting upon
4  them."); *see United States v. Harris*, 268 F. Supp. 2d 500, 506-507 (E.D. Penn. 2003) ("[A] mental
5  condition that burdens but does not prevent a prisoner from filing a timely petition does not
6  constitute 'extraordinary circumstances' justifying equitable tolling.").

7  Third, petitioner argues that he is entitled to equitable tolling because respondent has
8  failed to show how the state has been prejudiced by the delay in filing. Opp. at 4. Petitioner cites
9  former Rule 9 of the Rules Governing Section 2254 Cases, and cases interpreting that rule, in
10 support of his argument. *See* Opp. at 5. That rule, however, has been superceded by the AEDPA,
11 and the cases interpreting it are no longer good law. As noted above, a claim of equitable tolling
12 turns on whether any extraordinary circumstances prevented the petitioner from timely filing his
13 petition. Any prejudice to the state as a result of such delay is irrelevant to this inquiry.

14 In sum, petitioner has failed to meet his burden of showing both due diligence and the
15 existence of extraordinary circumstances that prevented him from timely filing his petition. His
16 claim of equitable tolling should therefore be denied.

17 ///
18 ///
19 ///
20 ///

Reply to Opp. to Mot. to Dismiss Pet. for Writ of Hab. Corpus as Untimely                 Weisner v. Evans, Warden
                                                                                           C 07-5509 SI (pr)

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice.

Dated: July 17, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
Attorneys for Respondent

20125120.wpd
SF2008400893