1
2
3
4
5 UNITED STATES DISTRICT COURT
6 NORTHERN DISTRICT OF CALIFORNIA
7
8 WILLIAM WEISNER,                              No. C 07-5509 SI (pr)
9           Petitioner,                         **ORDER OF DISMISSAL**
10     v.
11 M. S. EVANS, warden,
12           Respondent.
13 ————————————————————————/
14                              **INTRODUCTION**
15     William Weisner, a <u>pro se</u> prisoner, filed a petition for writ of habeas corpus challenging
16 his 2004 conviction.  Now before the court for consideration is respondent's motion to dismiss
17 the petition as untimely.
18
19                              **BACKGROUND**
20     Upon a plea of no contest, Weisner was convicted of robbery, carjacking and aggravated
21 assault in Alameda County Superior Court.  On November 30, 2004, he was sentenced to 20
22 years in state prison.  Weisner did not appeal.
23     Weisner filed several state habeas petitions before filing his federal petition.   His first
24 petition in the Alameda County Superior Court was filed on November 17, 2005, and denied on
25 November 28, 2005.  His second petition in the Alameda County Superior Court was filed on
26 December 5, 2005, and denied on January 20, 2006.  His petition in the California Court of
27 Appeal was filed on March 23, 2006, and denied on March 30, 2006.  His petition in the
28 California Supreme Court was filed on May 10, 2006, and denied on December 13, 2006, with

United States District Court
For the Northern District of California

1   citations to In re Swain, 34 Cal. 2d 300, 304 (Cal. 1949), and People v. Duvall, 9 Cal. 4th 464,

2   474 (Cal. 1995).

3        Weisner's federal habeas petition was signed on October 21, 2007, and stamped "filed"

4   on October 30, 2007.   Under the prisoner mailbox rule, Weisner is deemed to have filed his

5   petition in federal court when he gave it to prison officials, which the court will assume was the

6   day on which he signed it, i.e., October 21, 2007.   See Stillman v. LaMarque, 319 F.3d 1199,

7   1201 (9th Cir. 2003).

8

9                                    **DISCUSSION**

10       Petitions filed by prisoners challenging non-capital state convictions or sentences must

11   be filed within one year of the latest of the date on which:  (1) the judgment became final after

12   the conclusion of direct review or the time has passed for seeking direct review; (2) an

13   impediment to filing an application created by unconstitutional state action was removed, if such

14   action prevented petitioner from filing; (3) the constitutional right asserted was recognized by

15   the Supreme Court, if the right was newly recognized by the Supreme Court and made

16   retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been

17   discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

18       The first step is to determine when the limitations period began.  Where, as here, the

19   petitioner does not appeal the conviction, the judgment becomes final sixty days after the

20   imposition of sentence because that is the expiration of the period allowed for seeking direct

21   review.   See Cal. Rules of Court 8.304(b), 8.308(a), former Cal. Rules of Court 30, 30.1.

22   Weisner's conviction became final on January 31, 2005, sixty days after he was sentenced.  The

23   presumptive deadline for Weisner to file his federal petition was January 31, 2006.  He missed

24   that deadline by many months, so unless he qualifies for enough statutory or equitable tolling,

25   his petition is untimely.

26       The next step is to determine whether to apply the provision that tolls the one-year

27   limitations period for the "time during which a properly filed application for State post-

28

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period is not tolled for the gap between one round of state habeas petitions and the next. See Delhomme v. Ramirez, 340 F.3d 817, 819-20 (9th Cir.2003). Weisner receives tolling for most of the time during which his state habeas petitions were pending, but not for the gap between the first habeas petition in the Alameda County Superior Court and the second petition in that court because they were separate rounds of habeas. He receives tolling for the 11-day period from November 17-28, 2005 when his first petition in the Alameda County Superior Court was pending, as well as for the 373 days during which the second round was pending (i.e., from the December 5, 2005 filing of the second petition in Alameda County Superior Court through the December 13, 2006 denial of the final petition in the California Supreme Court). See Cal. Rule of Court 8.532(b)(2) (denial of habeas petition is final on date of filing in California Supreme Court). When the statutory tolling events started, more than nine months of the one-year limitations period had already passed. Allowing for the 373 days during which the limitations period was statutorily tolled, the AEDPA filing deadline was extended to February 19, 2007. Weisner missed that deadline by eight months, so unless he receives some other tolling, his petition is untimely.

It is possible for the one-year limitation period to be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long used in the Ninth Circuit is that equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace); see also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").  The Ninth Circuit has not settled on a single consistent standard.  See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008) (declining to decide whether Pace standard differs from Beeler standard).

Under either articulation of the test, the petitioner bears the burden of showing that equitable tolling is warranted in his case. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Pace, 544 U.S. at 418.  The petitioner also must show that the extraordinary circumstances "were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Spitsyn's mention of causation is important because it shows that equitable tolling often is not susceptible to a simple yes/no kind of inquiry, but instead requires the court to determine whether equitable tolling is allowed for the circumstance and, if so, how much time should be tolled for the circumstance.  An acceptable reason for some delay doesn't necessarily mean that all delay is excused under the equitable tolling doctrine.

Weisner urges that this action should not be dismissed as untimely for three reasons.[1]  First, he contends that his mental competency is at issue in his petition.  The merits of a petitioner's challenges to the conviction generally are not relevant to the timeliness question, so the fact that one of Weisner's claims pertains to his mental competency at the time of trial does not provide any ground for equitable tolling.

Second, he contends that respondent has not shown any prejudice from the delayed filing of the federal petition.  This argument fails because it is based on an outdated rule about dismissals of delayed petitions.  Former Rule 9 of the Rules Governing Section 2254 Cases In

---

[1]Although Weisner did not file an opposition to respondent's renewed motion to dismiss, the court will consider these arguments from Weisner's opposition to respondent's original motion to dismiss.

The United States District Courts did take into account the prejudice to a respondent, but that rule has been superseded by the statute of limitations in 28 U.S.C. § 2244(d).  Dismissal under § 2244(d) does not require that there be a showing of prejudice to a respondent from a petitioner's delay in filing.

Third, he contends that equitable tolling should be allowed because he is mentally ill and his medications impeded his ability to timely file his petition.  Whether mental illness warrants tolling depends on whether the petitioner's mental illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available."  Laws v. Lamarque, 351 F.3d 919, 922-23 (9th Cir. 2003).  "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled."  Id. at 923; see Kelly, 163 F.3d at 541.  While Laws and Kelly permit equitable tolling for mental incompetence, they do not stand for the proposition that every mental illness automatically tolls the limitation period.  Most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs.  See Miller v. Runyon, 77 F.3d 189, 192 (7th Cir. 1996).  The court must be sensitive to the problems the mentally ill face but also must be careful not to stereotype all mentally ill -- especially those who take medication to treat their illness -- as inherently and endlessly incompetent.

Weisner has presented evidence that indicates he has been mentally ill for about twenty years and has received treatment from time to time over the last two decades for that illness.  See Resp. Exh. 1 (last two pages).  He has not, however, shown that the mental illness or medication therefor prevented a timely filing of the federal petition.  Indeed, he hasn't made enough of a showing to require further evidentiary development on the issue.  The record shows that he is able to get some things done despite his longstanding mental illness, and that he is not wholly unable to tend to his legal affairs.

Weisner was found competent to stand trial and the trial court found that he knowingly

1   and voluntarily entered his plea in his criminal case.  See Resp. Exh. 2.  These events occurred

2   during the time he was mentally ill.

3       Since being incarcerated on the 2004 conviction, he has been receiving treatment in the

4   CDCR's Enhanced Outpatient Program ("EOP").[2]  He states that  "on or about the time

5   petitioner was supposed to file his claim on habeas, he was suffering from adverse side-[e]ffects

6   caused by the cocktail of prescribed psychotherapy medications taken daily.  The reactions

7   varied from extreme depression, constant drowsiness, irritability, stomach pains and blurry

8   vision.  Over the course of several months the treatment team–consisting of a psychiatrist,

9   psychologist, social worker and a registered nurse, prescribed another cocktail of psychotherapy

10  medications to determine what might work at managing and treating his psychiatric symptoms.

11  See Exhibit A."  Opposition, p. 4.  Exhibit A to his opposition is a February 23, 2005 evaluation

12  of his condition.  He offers no other details about when the medication adjustments were made

13  or what those adjustments were.  He urges that, since medications take time to give a desired

14  effect, it is evident that the time period lasted ten months.  Opposition, p. 4.

15      In November 2005, Weisner attributed his delay in filing his *state* habeas petition to his

16  mental state and explained that "after participating in an EOP program for 10 months petitioner

17  was finally able to question his situation."  Resp. Exh. 1 (12th page).  With the help of another

18  inmate, Weisner sent an August 22, 2005 letter to counsel requesting his legal files because his

19  guilty plea "is under attack by writ of habeas corpus," sent an October 6, 2005 letter to the State

20  Bar complaining that his attorney wouldn't turn over the files, and sent an October 6, 2005 letter

21  to a county jail requesting his mental health records.  See Resp. Exh. 1.  These efforts show that

22  Weisner was sufficiently aware of his legal situation to be trying to set aside his conviction –

23  notwithstanding him having a mental illness and being in the EOP.

24      He has offered no medical records other than the October 2005 evaluation sheets attached

25  as Exhibit A to his opposition.  At the time that form was prepared, his conviction had been final

26

27      [2]He described EOP as consisting of "intense group therapy, medication and weekly
28  therapy sessions with a psychologist."  Resp. Exh. 1 (12th page).

6

for less than a month and it shows nothing about his course of care thereafter. He was able to file state habeas petitions after the date of this mental health evaluation, during the period in which he had the same mental health problems. The alleged side-effects of the medicines – depression, drowsiness, irritability, stomach pains, and blurry vision – are not extraordinary circumstances that preclude the filing of a habeas petition. Weisner's mental illness and the side effects of the medications therefor did not preclude him from timely filing his federal petition. The deadline for him to file his federal petition passed about eight months before he filed it. Weisner's petition was untimely filed and is barred by the habeas statute of limitations.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 13.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: October 19, 2009

_____
SUSAN ILLSTON
United States District Judge

7